UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

MARCIA GILL
1307 South Riverdale Drive
Appleton, Wisconsin 54914

    Plaintiff,

v.

HOUSE OF FLOORING INC.
2537 South Oneida Street
Appleton, Wisconsin 54915

    and

THOMAS BLOB
2537 South Oneida Street
Appleton, Wisconsin 54915

    Defendants

Case No.: 21-cv-1062

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Marcia Gill, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**PARTIES AND COVERAGE**

4. Plaintiff, Marcia Gill, is an adult female resident of the State of Wisconsin with a post office address of 1307 South Riverdale Drive, Appleton, Wisconsin 54914.

5. Defendant, House of Flooring Inc., was, at all material times herein, a commercial entity with a principal or corporate office address of 2537 South Oneida Street, Appleton, Wisconsin 54915.

6. Defendant House of Flooring is a flooring company operating its business throughout the State of Wisconsin.

7. Defendant, Thomas Blob, was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of address of 2537 South Oneida Street, Appleton, Wisconsin 54915.

8. Defendant Blob owns, operates, and manages Defendant House of Flooring.

9. During the relevant time periods as stated herein, Defendant House of Flooring was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant House of Flooring employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant House of Flooring's annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendants, individually and collectively, were an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Defendant Blob was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Blob supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Blob had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff and Defendant House of Flooring's other employees.

17. During Plaintiff's employment with Defendants, Defendant Blob reviewed Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Blob established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

19. During Plaintiff's employment with Defendants, Defendant Blob controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Blob established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Blob tracked and/or recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

23. During Plaintiff's employment with Defendants and in furtherance of her job duties and responsibilities as part of Defendants' business practice, Plaintiff regularly engaged in interstate communications and/or correspondence with Defendants' customers, prospective customers, and vendors.

## FLSA & WWPCL ALLEGATIONS

24. In approximately October 2015, Defendants hired Plaintiff into the position of Interior Designer.

25. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff reported directly to Defendant Blob.

26. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff performed compensable work in the position of Interior Designer on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

27. In approximately August 2021, Defendant Blob terminated Plaintiff's employment.

28. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants compensated Plaintiff on an hourly-basis in her position of Interior Designer.

29. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff primarily performed non-exempt job duties and responsibilities each work day and each workweek on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit in Plaintiff's position of Interior Designer.

30. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

31. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff often worked in excess of forty (40) hours per workweek.

32. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants knew that Plaintiff often worked in excess of forty (40) hours per workweek.

33. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants compensated Plaintiff on a bi-weekly basis via check.

34. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants workweek for FLSA and WWPCL purposes was Saturday through Friday.

35. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants did not compensate Plaintiff with overtime pay of time-and-one-half her regular rate of pay for hours worked in excess of forty (40) in a workweek.

36. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants did not compensate Plaintiff with overtime pay of time-and-one-half her regular rate of pay for hours worked in excess of forty (40) in a workweek, particularly and typically when Plaintiff performed compensable work on specific projects or assignments on

weekends on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit, including but not limited to the "Costco" project or assignment.

37. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants compensated Plaintiff with, in addition to her hourly or regular rate(s) of pay, other forms of compensation, such as performance-based commissions, monetary bonuses and incentives, awards, and/or other rewards and payments.

38. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff earned monetary commissions based upon her hours worked and/or work performed on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit in the position of Interior Designer.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff with performance-based commissions, monetary bonuses and incentives, awards, and/or other rewards and payments on approximately a bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the commissions, monetary bonuses and incentives, awards, and/or other rewards and payments that Defendants paid to Plaintiff was made pursuant to a known plan (performance or productivity) or formula and/or that was announced and known to Plaintiff to encourage and/or reward her steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the commissions, monetary bonuses and incentives, awards, and/or other rewards

and payments that Defendants paid to Plaintiff were non-discretionary, as that term is used in the FLSA and WWPCL.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to include all forms of non-discretionary compensation, such as commissions, monetary bonuses and incentives, awards, and/or other rewards and payments, in Plaintiff's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when she worked more than forty (40) hours during the representative time period.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and despite Plaintiff earning monetary commissions based upon her hours worked and/or work performed on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit in the position of Interior Designer during her employment with Defendants, Defendants did not compensate Plaintiff with earned and agreed-upon commissions subsequent to the end of Plaintiff's employment with Defendants.

44. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

45. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

46. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendants knew or should have known that Plaintiff must be compensated for all

hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

47. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

48. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## **FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)**

49. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. At all times material herein, Defendants were employers of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq.*

52. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

53. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

54. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendants: (1) failed to compensate Plaintiff with overtime pay of time-and-one-half her regular rate of pay for hours worked in excess of forty (40) in a workweek, particularly and typically when Plaintiff performed compensable work on specific projects or assignments on weekends on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit, including but not limited to the "Costco" project or assignment; and (2) failed to include all forms of non-discretionary compensation, such as commissions, monetary bonuses and incentives, awards, and/or other rewards and payments, in Plaintiff's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when she worked more than forty (40) hours during the representative time period.

55. Defendants' failure to properly and legally compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek was willfully perpetrated. Defendants have not acted in good faith and reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

56. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

57. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

58. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

59. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

60. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

61. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

62. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

63. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

64. During Plaintiff's employment with Defendants, Plaintiff primarily performed non-exempt job duties in each workweek she was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

65. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL. Specifically, Defendants: (1) failed to compensate Plaintiff with overtime pay of time-and-one-half her regular rate of pay for hours worked in excess of forty (40) in a workweek, particularly and typically when Plaintiff performed compensable work on specific projects or assignments on weekends on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit, including but not limited to the "Costco" project or assignment; and (2) failed to include all forms of non-discretionary compensation, such as commissions, monetary bonuses and incentives, awards, and/or other rewards and payments, in Plaintiff's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when she worked more than forty (40) hours during the representative time period.

66. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

67. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

68. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS (UNPAID COMMISSIONS)

69. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

70. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

71. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

72. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

73. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

74. During Plaintiff's employment with Defendants, Plaintiff earned monetary commissions based upon her hours worked and/or work performed at Defendants.

75. At all times material herein, Plaintiff was entitled to payments and earned commissions from Defendants at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), and pursuant to Wis. Stat. § 109.03.

76. During Plaintiff's employment with Defendants and upon the end of Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff with earned and agreed-upon commissions pursuant to Wis. Stat. § 109.03 in an amount that remains to be determined.

77. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

78. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

79. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 13th day of September, 2021

                          WALCHESKE & LUZI, LLC
                          Counsel for Plaintiff

                          s/ ***Scott S. Luzi***
                          James A. Walcheske, State Bar No. 1065635
                          Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com